```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    |
SHERAIN BRYANT,                     |
                                    |
            Petitioner,             |
                                    |
    -against-                       |
                                    |
ELAINE V. LORD, Superintendent      |    01 Civ. 5753(KMW)(FM)
                                    |    OPINION AND ORDER
            Respondent.             |
                                    |
------------------------------------X
```
KIMBA M. WOOD, U.S.D.J.:

I.  Background

Petitioner Sherain Bryant seeks a writ of habeas corpus to challenge her 1996 conviction in New York State Supreme Court, Bronx County, on one count of Murder in the Second Degree for the killing of her infant daughter.[1] The trial court sentenced her to an indeterminate prison term of twenty-five years to life, a sentence that she is currently serving.

Petitioner asserts that she was denied her Sixth Amendment right to present a defense and Fourteenth Amendment right to a fair trial when the trial court excluded defense expert testimony. The proposed expert would have testified as to whether, in her professional opinion, Petitioner exhibited a pattern of characteristics consistent with a diagnosis of

---

[1] The uncontroverted medical evidence presented at trial establishes that the cause of death was Child Abuse Syndrome. See Report 5-6.

1

battered woman's syndrome.[2]

On January 9, 2006, Magistrate Judge Frank Maas issued an Amended Report and Recommendation ("Report"), familiarity with which is assumed, detailing the evidence presented at Petitioner's criminal trial and recommending that the Court deny the writ of habeas corpus and dismiss the petition.  The Report stated a number of independent justifications for denying the petition, inter alia: 1) Petitioner failed to exhaust her state court remedies;  2) Petitioner failed to allege a violation of federal law; 3) the trial court's decision to exclude the expert testimony was not contrary to, or an objectively unreasonable application of, existing Supreme Court case law; 4) the trial court's decision to exclude the expert testimony was not an unreasonable determination of the facts in light of the evidence presented at the state court hearing; and 5) any error with respect to the exclusion of the defense expert testimony was harmless.

Petitioner timely objects to the Report, arguing that: 1) Magistrate Judge Maas erred in finding that Petitioner's claim was not sufficiently exhausted; 2) Petitioner asserted a federal claim because the state court's decision to exclude probative and relevant testimony violated her Sixth and Fourteenth Amendment

---

[2] The expert would not have been able to identify whether Petitioner in fact suffered from battered woman's syndrome.

2

rights; 3) Magistrate Judge Maas erred by failing to analyze whether the state court's determination that Petitioner was not a battered woman was unreasonable; 4) the state court's finding that the defense expert testimony was "incompetent profile" evidence was not raised on direct appeal and hence should not be considered on habeas review; 5) despite the above, Magistrate Judge Maas analyzed the state court's "incompetent profile" finding under the wrong legal standard; and 6) the state court's error in excluding the expert testimony was not harmless.

For the reasons set forth below, the Court concludes Petitioner has failed to state a federal claim. Accordingly, the Court denies the habeas corpus petition on this basis and does not address the remainder of Petitioner's objections.

II. <u>Discussion</u>

    A. <u>Standard of Review</u>

The Court must consider Petitioner's objections <u>de</u> <u>novo</u>. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In reaching its decision, the Court has carefully considered the Report, and the arguments contained therein, as well as the brief that Petitioner has submitted.

    A. <u>Failure to State a Federal Claim</u>

Petitioner objects to Magistrate Judge Maas' conclusion that Petitioner failed to state a federal claim upon which to base

federal habeas corpus relief.[3] Petitioner argues that the trial court's exclusion of relevant and probative defense testimony violated her constitutional right to present a defense pursuant to the Compulsory Process Clause of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment. The Court concludes that Petitioner's argument is unavailing.

"Erroneous evidentiary rulings do not automatically rise to the level of constitutional error sufficient to warrant issuance of a writ of habeas corpus. Rather, the writ would issue only where petitioner can show that the error deprived her of a *fundamentally fair trial*." Taylor v. Curry, 708 F.2d 886, 891 (2d Cir. 1983) (emphasis added).

Assuming arguendo that the state court's exclusion of the expert's testimony was erroneous, Petitioner has failed to establish that this exclusion deprived her of a fundamentally fair trial. A defendant is deprived of a fundamentally fair trial when "the excluded evidence was material to the presentation of the defense." Taylor, 708 F.2d at 891. Excluded evidence is material if, when evaluated in the context of the

---

[3] See 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in *violation of the Constitution or laws or treaties of the United States*.")(emphasis added).

4

entire record, it "creates a reasonable doubt that did not otherwise exist." Id. (citing United States v. Agurs, 427 U.S. 97, 112-113 (1976)).

Petitioner does not establish that the omitted expert testimony, when evaluated in the context of the entire record, creates a reasonable doubt that was otherwise absent. The Court agrees with Magistrate Judge Maas' analysis, laid out on pages 34 - 37 of the Report.[4] In particular, the Court agrees that the expert testimony was not responsive to the overwhelming evidence that Petitioner purposefully abused her daughter and that this abuse contributed to her daughter's death. Although the expert testimony may have served to explain Petitioner's failure to stop her husband from inflicting abuse onto the victim, it would not have addressed her own abusive actions. Therefore, even if the state court's exclusion of the evidence was in error, it did not create reasonable doubt that did not otherwise exist.

---

[4] The medical evidence presented at trial established that Petitioner's daughter died of a pattern of multiple injuries suffered over a period of time. Petitioner's allegation that the cause of death was two blows inflicted by her husband on the date of death is unsupported by this medical evidence. The autopsy specifically found that the cause of death was child abuse syndrome and that no single injury caused the child's death. (Report 5-6).

5

III. Conclusion

For the reasons set forth above, the Court is unpersuaded by Petitioner's objections, and adopts the recommendation of the Report. The Court dismisses the petition (D.E. 1) and denies the writ of habeas corpus. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. 2253; see Finkelstein v. Spitzer, 455 F.3d 131, 133 (2d Cir. 2006); Vega v. Fischer, 2005 U.S. Dist. LEXIS 44134 (S.D.N.Y. 2005).

The Clerk of the Court is directed to close this case. Any pending motions are moot.

SO ORDERED

Dated: New York, New York
November 5 , 2007

Kimba M. Wood
United States District Judge